IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARLDENE GIBSON,                      No.  CIV.S-01-1579 DAD

       Plaintiff,

   v.                                 ORDER

JO ANNE B. BARNHART,
Commissioner of
Social Security,

       Defendant.
_____/

       Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $10,000 for 21.4 hours of professional time devoted to the representation of plaintiff before this court.  Defendant has filed a response to the motion which contains no objections to the award of $10,000 in attorney fees for court-related services.

       42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

>    Whenever a court renders a judgment favorable to
>    a claimant under this subchapter who was
>    represented before the court by an attorney, the
>    court may determine and allow as part of its
>    judgment a reasonable fee for such

1

> representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits....

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002)("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

Here, counsel for plaintiff does not seek attorneys fees in an amount equal to 25 percent of the past-due benefits even though that amount is the maximum authorized by statute and is the amount set forth in the contingency fee agreement between counsel and plaintiff.[1] Rather, counsel seeks an award only in the amount of $10,000 for 21.4 hours of work at a rate of $467.29 per hour. Based

---

[1] Counsel has provided documentation from the Social Security Administration reflecting that it awarded plaintiff past-due benefits of $120,768.70.

on the quality of counsel's representation and the results achieved in this case, the court finds the amount of hours expended to be reasonable. The hourly rate, while at the upper end of hourly billing rates, is also reasonable. See Martin v. Barnhart, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002)(awarding $10,189.50 for 16.82 hours of court-related work which represented an hourly rate of $605.80); Roark v. Barnhart, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (awarding attorneys fees in excess of the amount received under EAJA and finding an hourly rate of $338.29 to be reasonable). Accordingly, the motion for attorney fees will be granted.

Additionally, by previous order the court awarded $2,850 in attorney fees to plaintiff's counsel pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Where an award is made pursuant to § 406(b), plaintiff's counsel must refund to plaintiff the sum previously awarded as fees pursuant to the EAJA. See Russell, 930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs."). For this reason, the court will require that the EAJA fees of $2,850 be refunded to plaintiff.[2]

/////

---

[2] To be precise, the court's EAJA order awarded $3,000, but counsel for plaintiff now represents that $150 of that stipulated award was for court costs. Therefore, the amount of attorney fees awarded was $2,850. Defendant has no objection to counsel for plaintiff's request that he be required to refund to plaintiff $2,850, as opposed to the full $3,000. The court finds that request to be reasonable as well.

3

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel
2 be awarded $10,000 in attorney fees and that plaintiff be refunded
3 the sum of $2,850 previously awarded under the EAJA.
4 DATED: December 6, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.socsec/gibson1579.fees.406

4